IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| ROBERT PETERICH,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF MONTANA DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | Cause No. CV 12-0002-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

## I. SYNOPSIS

Pending is Plaintiff Robert Peterich's Amended Complaint. Mr. Peterich's claims fail to state a claim upon which relief may be granted and this case will be recommended for dismissal. This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a), and 42 U.S.C. §1983.

## II. STATEMENT OF CASE

### A. Parties

Mr. Peterich is a prisoner proceeding without counsel. He is incarcerated at Montana State Prison in Deer Lodge, Montana. In the original Complaint, Mr.

1

Peterich named only the State of Montana Department of Corrections as a Defendant. As set forth in the March 2, 2012 Order (C.D. 5), the Department of Corrections, as a state entity, is entitled to Eleventh Amendment immunity. This agency will be recommended for dismissal.

In the Amended Complaint, Mr. Peterich names Sheriff Leo Dutton, Doctor, Kohut, and Doctor Rantz. C.D. 9.

### B. Factual Allegations

Mr. Peterich alleges he fell and injured his rotator cuff in the Lewis and Clark County Jail in October 2009. C.D. 9, p. 2. He alleges he was left for three days in excruciating pain and received no medical care. C.D. 9, p. 2. Approximately two weeks after the injury, Mr. Peterich says he was taken to a clinic in Helena for an MRI. The same day he was transported to Montana State Prison. C.D. 9, p. 2.

Three months after his arrival at Montana State Prison, Mr. Peterich saw a specialist in Helena who recommended surgery to repair his shoulder injury. Mr. Peterich alleges Dr. Kohut and Dr. Rantz refuse to permit the surgery despite knowing of his daily pain. C.D. 9, p. 3.

## III. SCREENING PER 28 U.S.C. §§ 1915(e)(2), 1915A

As Mr. Peterich is a prisoner proceeding in forma pauperis, his claims are

reviewed under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

To state an Eighth Amendment claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). A plaintiff may demonstrate deliberate indifference by "showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1991).

Mr. Peterich was informed in the March 2, 2012 Order that his allegations of denial of medical care were insufficient to state a federal constitutional claim. C.D. 5. Despite this warning, Mr. Peterich did not provide any additional facts regarding his medical care in his Amended Complaint. Again, this is not a situation where Mr. Peterich's medical condition was completely ignored. Mr. Peterich received pain medications, he was examined by medical providers, and his request for surgery was reviewed by the Medical Review Panel at the prison.

Although a doctor outside of the prison may have recommended surgery for Mr. Peterich's shoulder, that does not necessarily establish a constitutional claim of denial of medical care. The Medical Panel at the prison reviewed Mr. Peterich's case and determined surgery was inappropriate. A difference of opinion between medical professionals concerning the appropriate course of treatment does not amount to malpractice, much less deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Even if the prison officials were incorrect in their diagnosis, such behavior is insufficient to establish deliberate indifference. Ordinary medical malpractice is not enough to state an Eighth Amendment claim. Estelle, 429 U.S. at 106.

## III. CONCLUSION

### A. Leave to Amend

Mr. Peterich failed to state a claim upon which relief may be granted as set forth above. Mr. Peterich was given an opportunity to correct the defects discussed above and he provided no additional facts. As such, for the reasons set forth in the March 2, 2012 Order (C.D. 5) and the reasons set forth above, this case should be dismissed.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This dismissal constitutes a strike because Mr. Peterich failed to state a claim upon which relief may be granted.

### C. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558

5

F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Peterich's Complaint fails to state a claim upon which relief may be granted is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

It is **RECOMMENDED:**

1. This matter should be dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Peterich's failure to state a claim.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr.

6

Peterich's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Peterich may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Peterich files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Peterich from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which

objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of July, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge